**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ANTUAN L. BURRESS,                           Case No. 1:14-cv-391

     Plaintiff,

                                                    Black, J.
vs.                                                       Bowman, M.J.

HAMILTON COUNTY OFFICE
OF CHILD SUPPORT AND
ENFORCEMENT, et al.,

     Defendants.

## REPORT AND RECOMMENDATION

Plaintiff brings this *pro se* action against the Hamilton County Office of Child Support Enforcement, Hamilton County Juvenile Courts, Ohio Department of Jobs and Family Services, Ohio Department of Mental Health, Ohio Bureau of Motor Vehicles, State of Ohio and Hamilton County Jobs and Family Services. By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Upon careful review, the undersigned finds that this action should be dismissed because Plaintiff fails to state any claim upon which relief many be granted.

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to

screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Johnson v. City of Wakefield,* 2012 WL 2337343 *1 (6th Cir. June 20, 2012); *Johns v. Maxey,* 2008 WL 4442467 *1 (E.D.Tenn. Sept.25, 2008) (Greer, J.).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)

(quoting *Neitzke*, 490 U.S. at 328).

Here, like many complaints which have not been drafted by an attorney, Plaintiff's complaint is lengthy (243 pages) and is not easy to summarize. In general, however, Mr. Burress has sued various state and local agencies for money damages and declaratory relief alleging, *inter alia,* violations of his constitutional rights relating to child support prosecution and enforcement, revocation of his driver's license and interference with his rights as a father. (Doc. 1). The Court will attempt to set out the important details of his various claims.

Plaintiff, the father of two minor children, was ordered to pay child support for at least one of the children beginning in 1996. Plaintiff failed to keep up with his support payments and was found to be in arrears by several thousand dollars. Tragically, in April 2001, the children were murdered by their mother, Bridget Stovall. Prior to their deaths, Ms. Stovall was receiving public assistance. As such, she assigned any support monies she received to the Ohio Department of Human Services and Hamilton County Department of Human Services. (Doc. 1, Ex. B, p. 43). After the death of the children, Plaintiff contends that the Child Support Enforcement Office, the Juvenile Court, Jobs and Family Services enforced unconstitutional agreements to collect unconstitutional debts and sanctions based on his failure to pay child support. Plaintiff also contends that the Ohio Bureau of Motor Vehicles violated his constitutional rights by suspending his driver's license based upon his unpaid child support. Plaintiff further contends that the State of Ohio intentionally violated his rights of a father.

As relief, Plaintiff seeks "a fair and unbiased trial, redress of law and restitution for

my being violated . . . and redemption for all my economic losses and hardships." (Doc. 1 at 7). Plaintiff also seeks an Order from the Court requiring the State of Ohio to pay for all his psychiatrics needs for the intentional emotional distress he encountered and to develop a facility in his children's names. Last, Plaintiff asks for an Order naming the corner block of 3100 Woodburn Avenue after his children. *Id.*

First, Plaintiff has not stated a viable § 1983 claim against any of the state entities; namely, the State of Ohio, the Ohio Department of Jobs and Family Services, Ohio Department of Mental Health, and the Ohio Bureau of Motor Vehicles. The Eleventh Amendment prohibits a citizen of a state from suing that state or one of its agencies in federal court unless the state consents to such suit or there is an express statutory waiver of immunity. *Hans v. Louisiana,* 134 U.S. 1 (1890). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts, *see Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir.1985); *State of Ohio v. Madeline Marie Nursing Homes,* 694 F.2d 499 (6th Cir.1982); *Latham v. Office of Atty. Gen. of State of Ohio,* 395 F.3d 261, 270 (6th Cir.2005), and Congress did not "explicitly and by clear language" express its intent to "abrogate the Eleventh Amendment immunity of the States" in enacting Section 1983. *See Quern v. Jordan,* 440 U.S. 332, 341-43 (1979). In addition, "[a] state court is not a "person" for the purposes of 42 U.S.C. § 1983 and hence is not subject to lawsuit under that statute." *Mumford v. Basinski,* 105 F.3d 264, 267 (6th Cir.1997).

Ohio BMV qualifies as a state agency, meaning it cannot be sued by a citizen of its own (or another) state. *See, e.g., Ferritto v. Ohio Dep't of Highway Safety,* 928 F.2d 404

(6th Cir.1991); *Livingston v. Ohio Bureau of Motor Vehicles,* No. 2:03–cv–00954 (S.D. Ohio March 29, 2004) (Doc. 8). ODJFS is entitled to Eleventh Amendment immunity because it is a state agency. *See Cady v. Arenac County,* 574 F.3d 334, 352 (6th Cir. 2009) (Eleventh Amendment immunity bars § 1983 suits against a state, its agencies, and its officials sued in their official capacities). The Ohio Department of Mental Health is a state agency over whom this Court, by operation of the Eleventh Amendment, lacks jurisdiction. *See Rodgers v. Banks,* 344 F.3d 587, 593–95 (6th Cir. 2003). Similarly, Hamilton County Juvenile Court itself is an arm of the state therefore entitled to sovereign immunity under the Eleventh Amendment. *Smith v. Grady*, 960 F. Supp. 2d 735, 752 (S.D. Ohio 2013). This Court has also found that HCDJFS is an "arm of the state" entitled to sovereign immunity for purposes of the activities implicated in this action. *Gamble v. Ohio Dep't of Job & Family Servs.*, 1:03-CV-452, 2006 WL 38996 (S.D. Ohio Jan. 5, 2006).

More importantly, Plaintiff's complaint pertains primarily to domestic relations issues, which are within the exclusive jurisdiction of the states and fall outside the scope of federal jurisdiction. In general, Ohio juvenile courts retain exclusive jurisdiction over matters involving child custody and support. More than a century ago, the United States Supreme Court proclaimed that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *In re Burrus,* 136 U.S. 586 (1890). Thus, under the *Burrus* abstention doctrine, federal courts have universally declined to exercise jurisdiction in domestic relations cases in which a complaint contains only conclusory assertions that a plaintiff is

entitled to relief because of the state's constitutional violations, where those assertions are "a mere pretense and the suit is actually concerned with domestic relations issues." *Danforth v. Celebrezze,* 76 Fed. App'x 615, 616 (6th Cir. 2002).

Although it is possible for federal jurisdiction to attach where a litigant presents an *independent* claim that challenges the constitutionality of a state official's action, *see Pittman v. Cuyahoga County Dep't of Children and Family Servs.,* 241 Fed. App'x 285, 287–290 (6th Cir. 2007), multiple reasons counsel against the assumption of federal jurisdiction in this case. Numerous deficiencies in Plaintiff's complaint, as discussed below, present an insurmountable barrier to jurisdiction. When similar claims have been presented, other federal courts have declined to exercise jurisdiction. *See, e.g., Aitken v. Child Support Enforcement Agency,* 2007 WL 963278 (N.D. Ohio, March 28, 2007) (dismissing under 28 U.S.C. § 1915(e) plaintiff's due process claim based upon allegation that CSEA improperly awarded child support in his absence, when he could not attend hearing).

In short, this Court lacks subject matter jurisdiction over Plaintiff's claims because they fall exclusively within the jurisdiction of the state courts. Plaintiff's conclusory references to violations of his civil rights are not sufficient—even if they did not merit dismissal under Fed.R.Civ.P. 12(b)(6)—to grant federal jurisdiction. This Court cannot grant the relief Plaintiff seeks—alteration of the state court's child support award. *See generally Elk Grove United School Dist. v. Newdow,* 542 U.S. 1 (2004) (Despite "rare instances in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, ... in general it is appropriate for the

federal courts to leave delicate issues of domestic relations to the state courts."); *Ankenbrandt v. Richards,* 504 U.S. 689 (1992) (narrowing the domestic relations exception, but affirming its continuing viability). Therefore, Plaintiff's claims challenging his child support debt should be dismissed for lack of subject matter jurisdiction. *Wilder v. Swann,* 2011 WL 4860041 *4 (E.D.Tenn. Oct.13, 2011) (dismissing *pro se* plaintiff's civil rights case for lack of subject matter jurisdiction, where it was clear that claims arose solely out of divorce and custody proceedings); *McGhan v. Kalkaska County Dep't of Human Servs.,* 2009 WL 2170151 *9 (W.D.Mich. July 20, 2009) ("the court lacks jurisdiction over any claim by plaintiff that she suffered injuries resulting from the decisions made by Michigan's courts in child custody proceedings.").

Accordingly, for these reasons, it is therefore **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2)(B). It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

                                *s/ Stephanie K. Bowman*
                                Stephanie K. Bowman
                                United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ANTUAN L. BURRESS, | Case No. 1:14-cv-391 |
| Plaintiff, | |
| | Black, J. |
| vs. | Bowman, M.J. |
| HAMILTON COUNTY OFFICE OF CHILD SUPPORT AND ENFORCEMENT, et al., | |
| Defendants. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).